UNITED STATES DISTRICT COURT
DISTRICT MASSACHUSETTS

| | |
|---|---|
| THE BOARD OF BAR OVERSEERS OF THE ) <br> SUPREME JUDICIAL COURT OF THE ) <br> COMMONWEALTH OF MASSACHUSETTS, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KATHLEEN BLISS, ON BEHALF OF ) <br> HERSELF, THE PROPOSED NATIONWIDE ) <br> RULE 23 CLASS, AND THE ) <br> PROPOSED NEVADA SUBCLASS, ) <br>     Defendant. ) | **Case No. 22-mc-91244-ADB** |

**MOTION OF THE NON-PARTY DEPONENT, THE BOARD OF BAR OVERSEERS, TO (1) QUASH OR LIMIT THE SUBPOENA DUCES TECUM; OR
(2) TO REQUIRE AN ALTERNATE MEANS OF DISCOVERY AT THE EXPENSE OF THE SUBPOENAING PARTY**

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts (the Board) respectfully moves to (1) or limit the subpoena duces tecum served on it by plaintiff's counsel in Bliss v. CoreCivic; or (2) in the alternate, the require that certain limited discovery be made in another manner.  The Bliss subpoena imposes an undue burden and expense on the Board, and counsel for the Bliss plaintiff has refused to discuss the possibility of alternate or limited compliance, thereby necessitating this motion.  In support of its motion, the Board assigns as reasons the follows:

1)      The Board was served with the attached documents-only subpoena duces tecum (Exhibit A hereto, hereinafter "the subpoena" or "the Bliss subpoena"), which seeks to compel the Board to produce in Boston, Massachusetts "in electronically-manipulable format such as .csv or .xlsx, a list of all licensed attorneys in the state [sic] of Massachusetts whose information is in your possession, custody and control, including name, address, telephone number and email address, from 7/12/2016 to present."

2) The <u>Bliss</u> subpoena was issued in the case of <u>Katherine Bliss v. CoreCivic, Inc.</u>, Case No. 2:18-cv-01280-JAD-EJY, filed in the U.S. District Court for the Southern Division of Nevada. (A true and correct copy of the <u>Bliss v. CoreCivic</u> second amended complaint is attached hereto as Exhibit "B.")

3) For the reasons set forth in the accompanying memorandum, the <u>Bliss</u> subpoena duces tecum is overly broad, unduly burdensome, and outside the scope of Fed. R. Civ. P. 26(b)(1), particularly with regard to its importance in resolving the issues. Moreover, the burden or expense outweighs its likely benefit, as discussed in more detail in the Board's memorandum filed herewith.

4) In particular, there are no CoreCivic facilities in Massachusetts, New Hampshire or Rhode Island, where most Massachusetts attorneys, if they practice in more than one state, are likely to practice. Therefore, few if any Massachusetts attorneys are likely to be potential class members or otherwise impacted by the underlying conduct that is alleged the <u>Bliss v. CoreCivic</u> second amended complaint.

5) Given the undue burden and expense to the Board of complying with the <u>Bliss</u> subpoena, compared with its marginal utility, the Board proposes two alternative mechanisms (the reasons for which are detailed in the memorandum filed herewith):

    A) Counsel for the <u>Bliss</u> plaintiff, who maintain a database of all affected telephone numbers, will provide the Board with a list of all such numbers using the Massachusetts area codes (617, 781, 508, 947 and 413). The Board will then, at the expense of counsel for the <u>Bliss</u> plaintiff, compare those telephone numbers to its records of attorney telephone numbers and advise the affected attorneys of the pendency of this lawsuit and how they can contact counsel for the <u>Bliss</u> plaintiff if

        they wish to be involved; or

    B)  The Board can (but at great expense to counsel for Bliss) prepare and provide an anonymized list of the office telephone numbers of Massachusetts attorneys. Bliss's counsel can then run those numbers against their database and advise the Board of the affected telephone numbers. The Board could then, at the expense of counsel for the <u>Bliss</u> plaintiff, use those telephone numbers to identify the affected attorneys and advise them of the pendency of this lawsuit and how they can contact counsel for the <u>Bliss</u> plaintiff if they wish to be involved.

6)    A ruling by the Court is necessary because counsel for the <u>Bliss</u> plaintiff has refused to discuss anything short of full compliance (and has given the Board only ten days in which to prepare and file this motion).

7)    In support of its motion, the Board submits herewith a supporting memorandum.

WHEREFORE, the Board of Bar Overseers respectfully moves, pursuant to Fed. R. Civ. P. 45(d)(2)(B), as follows:

    I.    To quash or limit the <u>Bliss</u> plaintiff's subpoena duces tecum; or

    II.    In the alternative, to require that some limited discovery be made in another manner, at the expense of the <u>Bliss</u> plaintiff, as detailed above and in the supporting memorandum.

        Respectfully submitted,

        THE BOARD OF BAR OVERSEERS
        JOSEPH S. BERMAN, GENERAL COUNSEL

                By its attorney,

                /s/ Jeffrey D. Woolf
                Jeffrey D. Woolf, Esq.
                BBO #534360
                Assistant General Counsel
                Board of Bar Overseers
                99 High Street, 2nd Floor
                Boston, MA 02110
                (617) 728-8709
                j.woolf@massbbo.org

May 27, 2022